UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------

THE SWATCH GROUP MANAGEMENT
SERVICES AG and THE SWATCH GROUP
(U.S.) INC.,

      Plaintiffs,

vs.

INVICTA WATCH COMPANY OF AMERICA, INC.
AMAZON.COM, INC.,
and JOHN DOES 1-100,

      Defendants.

------------------------------------------------------------------

CIVIL ACTION NO.:
07 CIV 839 (DC)

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Defendant, INVICTA WATCH COMPANY OF AMERICA, INC. ("INVICTA") by its attorneys, Natter & Natter, as and for its Answer to the complaint of Plaintiff, THE SWATCH GROUP MANAGEMENT SERVICES A.G. et al. ("SWATCH"), states the following:

## ANSWER

1. Defendant admits the allegations of paragraph 1, of the complaint.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

4. Defendant admits the allegations contained in paragraph 4 of the complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

-2-

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

6.(bis) Defendant admits the allegations contained in paragraph 6(bis) of the complaint.

7. Defendant admits the allegations contained in paragraph 7 of the complaint that the products accused of infringement are sold in this judicial district however, Defendant denies it has an office or location for the conduct of business within this judicial district.

8. Defendant admits the allegations contained in paragraph 8 of the complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint except that Defendant admits that U.S. Patent No. 6,522,602 B2 was issued on February 18, 2003 by the United States Patent and Trademark Office to the designated assignee.

10. Defendant denies the allegations contained in paragraph 10 of the complaint except as to the information as set forth in the copy of the patent attached as Ex. A.

11. Defendant denies the allegations contained in paragraph 11 of the complaint.

-3-

12. Defendant denies the allegations contained in paragraph 12 of the complaint concerning the alleged activity as constituting infringement of the patent in suit.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint.

14. Defendant denies the allegations contained in paragraph 14 of the complaint.

15. Defendant denies the allegations contained in paragraph 15 of the complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses premised on the belief that same are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE
### (No Infringement)

Defendant has not infringed, either literally or under the doctrine of equivalents, nor contributed to infringement by others, nor actively induced others, to infringe any claim of the patent in suit.

## SECOND AFFIRMATIVE DEFENSE
### (Invalid and Unenforceable)

The patent in suit is invalid and unenforceable for failure to comply with the provisions of 35 U.S.C. §§101, 102, 103 and 112.

## THIRD AFFIRMATIVE DEFENSE
### (Laches)

The patent in suit is unenforceable under the doctrine of laches.

## COUNTERCLAIM

Defendant, Counter-Plaintiff INVICTA pleads the following counterclaims against Plaintiff, Counter-Defendant SWATCH.  Allegations made on belief are premised on the belief that the same are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

1.  This Court has subject matter jurisdiction over INVICTA's counterclaims under 28 U.S.C. §§ 1338(a) and 1367 and Fed. R. Civ. P. 13.  SWATCH has submitted to the personal jurisdiction of this Court.

2.  The patent in suit, on information and belief, is invalid and uneforceable because more than one year prior to the filing of the original application, the alleged

invention was patented or described in printed publications in this or in foreign countries, or was in public use or on sale in this country.

3.  The patent in suit, on information and belief, is invalid and unenforceable because the claimed invention would have been obvious to one skilled in the art at the time the invention was made.

4.  The patent in suit, on information and belief, is invalid and unenforceable because new matter was introduced into the disclosure and claims during prosecution of the application for the patent.

5.  The patent in suit, on information and belief, is invalid and unenforceable because the patent does not particularly point out and distinctly claim the part, improvement, method, steps, or combination which the patentee claims as his invention.

WHEREFORE, Defendant, Counter-Plaintiff INVICTA respectfully requests that the Court:

A)  Enter judgment dismissing the complaint of Plaintiff, Counter-Defendant SWATCH;

B)  Enter judgment sustaining INVICTA's affirmative defenses;

C)  Grant INVICTA's attorneys' fees; and

      D)      Grant INVICTA such other and further relief, in law and in equity, to which INVICTA may show itself to be justly entitled.

Dated: New York, New York
       April 10, 2007

Respectfully submitted,

NATTER & NATTER
Attorneys for Defendant,
Counter-Plaintiff INVICTA
501 Fifth Avenue, Suite 808
New York NY 10017
(212) 840-8300

By  /Howard Natter/
     Howard Natter (HN8532)